UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20212-CR-GAYLES/TORRES

UNITED STATES OF AMERICA

vs.

MISAEL JIMENEZ-CASTRO,

                Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Defendant Misael Jimenez-Castro ("Defendant") agree that had this case proceeded to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida, and elsewhere.

Defendant is a native and citizen of the Dominican Republic. On or about July 29, 2020, Defendant arrived at Miami International Airport on a flight from the Dominican Republic. Customs and Border Protection ("CBP") referred Defendant to secondary inspection and searched Defendant's backpack. Inside, CBP found a composition notebook in which Defendant had written the personally identifiable information ("PII") for approximately twenty-nine (29) people, including "J.R." and "C.S." The PII that Defendant knowingly and intentionally possessed included names, dates of birth, addresses, and Social Security numbers.

Defendant was traveling with two (2) mobile phones. In one phone, CBP found electronic messages that Defendant had sent, to a person later identified as his brother, that included the PII for more than fifteen (15) people, links to, and photographs of the Arizona and California unemployment benefit webpages ("ADES" and "CEDD," respectively). Also on the phone was a photograph of the ADES webpage with PII entered into it, and forms from ADES and CEDD

which confirmed that unemployment claims were filed. The electronic messages also included photographs of Florida Driver's Licenses, the information on which matched those of actual Florida residents.

In a secondary-inspection interview with CBP and a post-Miranda interview Homeland Security Investigation ("HSI"), Defendant admitted that the composition notebook and both of the mobile phones were his. Defendant also admitted that he used the PII in the mobile phone and composition notebook to file unemployment claims with ADES and CEDD. Finally, Defendant admitted that he did not know the people whose PII was contained in his composition notebook and cell phone.

Thereafter, law enforcement spoke individually with "J.R. and C.S.," both of whom Defendant knew were real persons. Both "J.R." and "C.S." told law enforcement that they did not know Defendant and did not give Defendant authorization to possess or use their respective names, dates of birth, or Social Security numbers.

[space intentionally left blank]

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit that it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1028A(a)(1), that is, Aggravated Identity Theft, as charged in Count 2 the Information.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3-10-2021     By: _____
JONATHAN R. BAILYN
ASSISTANT UNITED STATES ATTORNEY

Date: 3-10-2021     By: _____
DAVID MAGILLIGAN
ATTORNEY FOR DEFENDANT

Date: 3-10-2021     By: _____ on behalf of Client.
MISAEL JIMENEZ-CASTRO
DEFENDANT